# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2673

_____

United States of America

*Plaintiff - Appellee*

v.

Mark Allan Steffes

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge

_____

Submitted: May 16, 2018
Filed: June 7, 2018
[Unpublished]

_____

Before SHEPHERD, MELLOY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Mark Allan Steffes ("Steffes") appeals from the district court's order granting the United States of America's (the "Government's") motion to involuntarily medicate Steffes to render him competent to stand trial. This Court has appellate jurisdiction over certain collateral orders, including "*Sell*" orders regarding

involuntary medication of criminal defendants for purposes of trial competency. *See Sell v. United States*, 539 U.S. 166, 176–77 (2003).

At oral argument, the parties notified this Court of changed circumstances. During the pendency of this appeal, a clinical psychologist at the United States Medical Center for Federal Prisoners ("USMCFP") informed the district court that Steffes met the criteria for "grave disability" and that USMCFP began involuntarily medicating him for his own safety. The Government may, after following certain procedures, involuntarily medicate a defendant to reduce the danger he poses to himself. *See Washington v. Harper*, 494 U.S. 210, 225–26 (1990). In addition, the need for a *Sell* order may disappear after involuntary medication on other grounds. *See Sell*, 539 U.S. at 183. A limited remand is required in this case to allow the district court to review the changed circumstances in the first instance.

Accordingly, we remand this case to the district court for the limited purpose of addressing whether the *Sell* order it entered is still necessary and appropriate in light of the changed circumstances. We retain jurisdiction over the appeal during this limited remand. *See* 28 U.S.C. § 2106 (stating the authority of appellate courts to "require such further proceedings to be had as may be just under the circumstances").

_____